BOYER, Judge,
dissenting.
I respectfully dissent.
This case involves a dispute between a homeowner and a builder regarding a contract whereby the builder agreed to build a home for the owner on property owned by the owner in accordance with plans and specifications furnished by the owner’s architect. The record reveals that all parties agree that there was a clear understanding from the very beginning that the owner would insist upon quality work and rigid adherence to the plans and specifications. After many months of haggling the owner finally took over the job and completed the building. The builder sued the owner, alleging in Count I of his complaint a breach of contract by failure on the part of the owner to pay the builder a progress payment and sought by Count II a recovery on the theory of quantum meruit.
The evidence is, of course, conflicting on most issues. However, there is no conflict as to the clear understanding and contractual arrangement for quality construction in accordance with the plans and specifications. The record is equally clear that there were substantial deviations from those requirements. Accordingly, in my view, “substantial compliance” was insufficient. The owner knew what he wanted and was willing to pay the price. The builder was aware of the owner’s desires, acquiesced therein and agreed thereto. The owner was therefore entitled to that to which the parties agreed, quality construction in accordance with the plans and specifications.
The case was tried before the court without a jury whereupon a final judgment was entered in favor of the builder for the sum of $18,000.00. There is no indication as to which Count of the complaint recovery was allowed nor is there any explanation of the amount of the judgment.
. Taking the evidence in its light most favorable to the appellee builder, as we must on appeal, the record clearly reveals that upon considering the amount claimed by the builder to be due and the amounts required to. have been expended by the owner to complete the home in accordance with the plans and specifications and to correct deficiencies and deviations from the plans and specifications, the maximum amount of recovery to which the plaintiff (builder) could have been entitled was $4,810.98. Accordingly, I would reverse.